UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

FRANK ROY,

                    Plaintiff,              Civil No. 14-6369 (NLH/KMW)

v.
                                            **OPINION**

TRIDENT INSURANCE AGENCY,

                    Defendant.


_____


**APPEARANCES:**

Frank Roy
998 W. Landis Ave.
Unit 121
Vineland, New Jersey 08360

        *Plaintiff Pro Se*

Jason J. Sweet, Esquire
Reger Rizzo & Darnall LP
2929 Arch Street
13th Floor
Philadelphia, Pennsylvania 19040

        *Attorneys for Defendant*


**HILLMAN, District Judge:**

        Presently before the Court is a motion [Doc. No. 4] to

dismiss filed by Defendant, Trident Insurance Agency (hereafter,

"Trident"), pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff pro

se, Frank Roy, filed opposition to the motion.  The Court has

1

considered the submissions of the parties and decides this
matter pursuant to Fed. R. Civ. P. 78.  For the reasons that
follow, Trident's motion to dismiss is granted.

I.    BACKGROUND

In the complaint, Plaintiff alleges that Annmarie Koszowski
of Trident and Monica O'Neill, an attorney, "intentionally
presented a fraudulent affidavit to Superior Court to vacate a
legitimate judgment against Travelers Insurance."  (Compl. 1.)[1]
It appears that Plaintiff previously brought an action in the
Superior Court of New Jersey, Camden County, Law Division
against Travelers Home & Marine Insurance Company (hereafter,
"Travelers").  Plaintiff apparently obtained a judgment against
Travelers in the state court action, but Travelers sought to
vacate the judgment on the grounds that Plaintiff served process
on Trident, as an agent of Travelers, even though Trident was
not authorized to accept service on behalf of Travelers.

It further appears that in seeking to vacate the judgment,
Travelers, through its attorney Ms. O'Neill, submitted to the
state court the affidavit from Ms. Koszowski, a Vice President

---

[1] Plaintiff attached to his opposition papers a copy of the
affidavit from Ms. Koszowski.  Although the document is not
submitted in evidentiary form, the Court considers the affidavit
for background information because the complaint itself lacks
factual detail.  The Court does not consider the affidavit in
deciding the motion to dismiss.

of Trident, in which Ms. Koszowski states that Trident is an
independent insurance agency and is not a parent, subsidiary or
affiliated corporation of Travelers.  The affidavit further
states that there are no officers, directors, shareholders,
employees or agents of Travelers located at the offices of
Trident who are permitted to accept service of process on behalf
of Travelers.

Plaintiff now contends that Ms. Koszowski lied in the
affidavit submitted in the state court action, as Trident
purportedly is an authorized agent of Travelers.  (Compl. 2.)
Plaintiff avers that in submitting this allegedly false
affidavit, Ms. Koszowski and Ms. O'Neill "intentionally
conspired to deceive the judicial system by lying under oath."
(Id. at 1.)  He also avers that Trident's actions, through Ms.
Koszowski and Ms. O'Neill, constituted intentional
discrimination against Plaintiff, who is purportedly disabled.
(Id. at 2.)[2]

Trident moves to dismiss the complaint, arguing that the
pleading fails to comply with the requirements of Fed. R. Civ.
P. 8 in that it fails to contain a short and plain statement of
the claim showing that Plaintiff is entitled to relief.  Trident

---

[2] In the complaint, Plaintiff alleges that he is certified by the
Social Security Administration as disabled, although he does not
specify the nature of his disability.  (Compl. 1.)

also argues that Plaintiff's statement of the legal basis for

his claim is so vague that Trident does not know what statute it

is accused of violating.  Trident assumes that Plaintiff is

asserting a claim under 42 U.S.C. § 1981a(a)(2), which it

contends is the "most relevant portion of the Civil Rights Act

of 1991," but notes that this statute concerns discrimination

against disabled persons in the employment context.  Plaintiff,

Trident contends, has not alleged any facts demonstrating an

employment relationship with Trident.  Moreover, even assuming

an employment relationship exists, Trident argues that Plaintiff

fails to set forth any facts to suggest that Trident

discriminated against Plaintiff on the basis of a disability.

## II.  <u>STANDARD FOR DISMISSAL</u>

In considering whether a plaintiff's complaint fails to

state a claim, the Court must accept all well-pleaded

allegations in the complaint as true and view them in the light

most favorable to the plaintiff.  <u>Evancho v. Fisher</u>, 423 F.3d

347, 350 (3d Cir. 2005); <u>see also</u> <u>Phillips v. Cnty. of</u>

<u>Allegheny</u>, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a

motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . .

. required to accept as true all factual allegations in the

complaint and draw all inferences from the facts alleged in the

light most favorable to" the plaintiff).  A pleading is

sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).  Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679, 129 S. Ct. 1937).

"[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly

5

formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

Finally, a court in reviewing a Rule 12(b)(6) motion must consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record. Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013).  A court may also consider "'undisputedly authentic documents if the complainant's claims are based upon these documents[.]'"  Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(d).

## III. <u>DISCUSSION</u>

The Court finds that the complaint fails to comply with

Rule 8(a) of the Federal Rules of Civil Procedure, which

requires that a complaint contain "a short and plain statement

of the grounds for the court's jurisdiction," as well as "a

short and plain statement of the claim showing that the pleader

is entitled to relief."  Fed. R. Civ. P. 8(a).  The Court notes

that <u>pro</u> <u>se</u> complaints are to be construed liberally, <u>Erickson</u>

<u>v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081

(2007), but a plaintiff must still comply with the requirements

of the Federal Rules of Civil Procedure.  <u>Gilligan v. Cape May</u>

<u>Cty. Corr.</u>, Civ. No. 05-1177, 2006 WL 3454864, at *2 (D.N.J.

Nov. 28, 2006) ("Even though a court will often be more lenient

with <u>pro</u> <u>se</u> litigants, such litigants 'cannot be excused from

compliance with the plain text of the federal rules and court

orders.'") (internal citation omitted).

Here, the complaint lacks a "short and plain statement of

the grounds for the court's jurisdiction."  Fed. R. Civ. P.

8(a)(1).  It appears that Plaintiff is attempting to assert

claims under federal law, in which case jurisdiction would exist

under 28 U.S.C. § 1331.  The complaint, however, is devoid of

any statement concerning jurisdiction.

Furthermore, Plaintiff's complaint fails to contain a

"short and plain statement of the claim showing that the pleader

7

is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff

does not identify the specific statute under which his claim is

brought, although he avers that he brings this action pursuant

to the "statute of Civil Rights Act 1991 subchapter that

specifies that it is against the law to intentionally

discriminate against a disabled party."  (Compl. 1.)  The only

statute that seems to fit this definition is 42 U.S.C. § 1981a,

which is titled "Damages in cases of intentional discrimination

in employment," and subsection (a)(2) of the statute provides

for recovery in disability discrimination cases.  See 42 U.S.C.

§ 1981a(a)(2).

        42 U.S.C. § 1981a, however, does not provide an independent

cause of action.  Rather, this statute sets forth the remedies

available in certain actions, including some claims under the

Americans with Disabilities Act.  See Fatiregun v. City of

Philadelphia, No. Civ. A. 09-601, 2009 WL 3172766, at *6 (E.D.

Pa. Oct. 2, 2009) ("Section 1981a does not, either expressly or

impliedly, create an independent cause of action for employment

discrimination plaintiffs."); Flax v. Delaware Div. of Family

Servs., No. Civ. A. 03-922, 2008 WL 1758857, at *10 (D. Del.

Apr. 16, 2008) (collecting cases and noting that the "great

weight of authority holds that § 1981a does not create an

independent cause of action."), aff'd, 329 F. App'x 360 (3d Cir.

2009).  Plaintiff therefore cannot assert a claim under Section

1981a absent a primary claim under another substantive act. Because Plaintiff fails to identify a substantive basis for his claim, his complaint does not state a claim for relief.

Additionally, even assuming that there was some substantive basis for Plaintiff's claim, Plaintiff fails to articulate facts to support such claim.  Plaintiff contends only that Trident submitted a fraudulent affidavit in a state court action, and concludes that such conduct constituted discrimination against Plaintiff based on his disability.  Plaintiff sets forth no facts as to how Trident discriminated against Plaintiff based upon his disability, and his conclusory allegation of discrimination is insufficient to satisfy the requirements of Rule 8(a) and Twombly.  Moreover, Plaintiff seeks damages under Section 1981a, which provides for damages in certain employment discrimination cases, but the complaint contains no averments that Plaintiff was employed by Defendant.

In light of Plaintiff's pro se status, the Court will provide Plaintiff another opportunity to state his claim.  Plaintiff must provide sufficient factual allegations in support of his assertion of jurisdiction, as well as support for his claim to satisfy the pleading requirements under Twombly and Fed. R. Civ. P. 8(a).  Failure to comply with the directives

9

herein may result in the dismissal of Plaintiff's claims with

prejudice.

An Order consistent with this Opinion will be entered.


                                          s/ Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.

Date: May 14, 2015

At Camden, New Jersey