UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

FRANK ROY,

                    Plaintiff,            Civil No. 14-6369 (NLH/KMW)

v.

                                          **OPINION**

TRIDENT INSURANCE AGENCY,

                    Defendant.

_____

**APPEARANCES:**

Frank Roy
998 W. Landis Ave.
Unit 121
Vineland, New Jersey 08360

        *Plaintiff Pro Se*

Jason J. Sweet, Esquire
Reger Rizzo & Darnall LP
2929 Arch Street
13th Floor
Philadelphia, Pennsylvania 19040

        *Attorneys for Defendant*

**HILLMAN, District Judge:**

This matter comes before the Court sua sponte based upon the failure of Plaintiff Pro Se, Frank Roy, to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 41.1(a).  For the reasons that follow, Plaintiff's complaint will be dismissed with prejudice.

I.   <u>**JURISDICTION**</u>

Plaintiff's complaint purports to assert a claim under the "statute of Civil Rights Act 1991 subchapter that specifies that it is against the law to intentionally discriminate against a disabled party."  As such, it appears that Plaintiff attempted to assert claims under federal law, in which case jurisdiction would exist under 28 U.S.C. § 1331.  However, the original complaint was devoid of any statement concerning jurisdiction, as the Court previously noted in a May 14, 2015 Opinion. Plaintiff was therefore directed to file an amended complaint that contained sufficient factual allegations in support of Plaintiff's assertion of jurisdiction.  Plaintiff failed to do so.

II.  <u>**BACKGROUND**</u>

On October 15, 2014, Plaintiff initiated this action against Defendant Trident Insurance Agency (hereafter, "Trident") by filing a complaint alleging that Annmarie Koszowski of Trident and Monica O'Neill, an attorney, "intentionally presented a fraudulent affidavit to Superior Court to vacate a legitimate judgment against Travelers Insurance." (Compl. 1.)  Trident filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

By Opinion and Order dated May 14, 2015, the Court granted Trident's motion to dismiss, finding that the complaint

contained only conclusory allegations that were insufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Nonetheless, given Plaintiff's pro se status, the Court provided Plaintiff another opportunity to state his claim.  The Order issued on May 14, 2015 stated that "if Plaintiff intends to proceed with this action, he must file an amended complaint within thirty (30) days of the date of this Order which corrects the deficiencies addressed in the Opinion entered on this date."  (Order [Doc. No. 8] 1.)  The Order further warned that "[f]ailure to comply with the Court's directives may result in the dismissal of Plaintiff's claims with prejudice."  (Id. at 1-2.)

Plaintiff has not filed an amended complaint as required by the Court's Order and has not requested an extension of time to do so.  Indeed, Plaintiff has not provided the Court with any indication that he intends to prosecute his claim against Trident.

## III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action when a plaintiff fails to prosecute his case or comply with the court rules or a court order.  Fed. R. Civ. P. 41(b).  Local Civil Rule 41.1(a) similarly provides

that the Court must dismiss a case that has been pending for more than 120 days without any proceedings.  L. Civ. R. 41.1(a).

Generally, when deciding whether to dismiss a case for a plaintiff's failure to prosecute, the Court must consider the six factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  These factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."  Poulis, 747 F.2d at 868.

The Court notes that "when a litigant's conduct makes adjudication of the case impossible, [a] balancing under Poulis is unnecessary."  McLaren v. N.J. Dept. of Educ., 462 F. App'x 148 (3d Cir. 2012); see also Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir. 1994).  In this case, there is presently no operative complaint upon which the parties may proceed, and Plaintiff has failed to file an amended complaint in accordance with the May 14, 2015 Order.  As such, Plaintiff has done nothing to prosecute his case.  Plaintiff's conduct has thus made

adjudication of this case impossible and, on this basis alone, warrants dismissal of the action.

Additionally, the Court finds that the Poulis factors support dismissal of Plaintiff's complaint with prejudice at this time as Plaintiff has failed to comply with a court order and has failed to prosecute his case.

The Court specifically finds that the first Poulis factor, Plaintiff's personal responsibility, weighs in favor of dismissal.  Plaintiff is acting pro se, and cannot attribute blame to counsel or anyone else for the failure to move this case forward.

The Court also finds that the prejudice to Defendant -- the second Poulis factor -- caused by Plaintiff's failure to abide by the May 14, 2015 Order calls for dismissal of this action with prejudice.  "Evidence of prejudice to an adversary 'would bear substantial weight in support of a dismissal[.]'" Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal citation omitted).  Because of Plaintiff's failure to file an amended complaint, Defendant is unable to work toward a resolution of this matter on the merits.  As such, Plaintiff's conduct wholly frustrates and delays the resolution of this case, and Defendant is prejudiced by Plaintiff's continuing inaction.

With respect to the third Poulis factor, Plaintiff's

5

history of dilatoriness, Plaintiff has failed on only one
occasion to timely prosecute his case, but the lack of court-
ordered participation by Plaintiff evidences that he is unable
or unwilling to undertake the obligations of a lawsuit at this
time.

The Court finds that the fourth Poulis factor, willfulness
of the conduct at issue, also supports dismissal of this action.
Although the Court has no evidence that Plaintiff acted in bad
faith, the May 14, 2015 Order clearly required him to file an
amended complaint within thirty days if he intended to pursue
his claims against Trident.  Plaintiff's failure to timely file
an amended complaint, as well as his failure to contact the
Court or otherwise attempt to prosecute this matter in more than
120 days, provides sufficient evidence of a willful failure to
participate in this matter.

The Court further finds that the fifth Poulis factor, "the
effectiveness of sanctions other than dismissal, which entails
an analysis of alternative sanctions[,]" also supports dismissal
of this case.  Poulis, 747 F.2d at 868-69.  "'The Third Circuit
has identified a number of alternative sanctions available to a
court, including 'a warning, a formal reprimand, placing the
case at the bottom of the calendar, a fine, the imposition of
costs or attorney fees or the preclusion of claims or
defenses.''"  Hayes v. Nestor, No. Civ. A. 09-6092, 2013 WL

6

5176703, at *5 (D.N.J. Sept. 12, 2013) (citations omitted).
Here, other than filing a complaint, Plaintiff has done nothing
to prosecute his case.  In light of Plaintiff's non-compliance
with a court order and his failure to contact the Court in more
than 120 days, it does not appear that Plaintiff intends to
pursue his claim against Trident.  Plaintiff was warned that
failure to file an amended complaint may result in the dismissal
of his claims with prejudice, but even this warning has not
prompted Plaintiff to prosecute his case.  Therefore, the Court
finds that lesser sanctions would have no effect on Plaintiff's
compliance with court orders, or his interest in litigating this
case.  See Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt.,
No. Civ. A. 07-1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9,
2008) (finding that sanctions other than dismissal would be
insufficient when defendant "demonstrated its complete neglect
of its obligations as a litigant in this matter.").  The Court
finds that the fifth Poulis factor thus weighs in favor of
dismissal.

    Finally, the sixth Poulis factor -- the meritoriousness of
Plaintiff's claims -- also supports dismissal of this case with
prejudice.  The Court already concluded that the complaint
failed to state a claim for relief and dismissed the pleading
without prejudice.  Plaintiff has not amended the complaint to
provide the Court with any basis to conclude that Plaintiff can

assert a meritorious claim in this case.

**IV.   CONCLUSION**

For the foregoing reasons, the Court finds that the six factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), on balance weigh in favor of dismissal, and it will therefore sua sponte dismiss the case at this time.

An Order consistent with this Opinion will be entered.


                                    s/ Noel L. Hillman
                              NOEL L. HILLMAN, U.S.D.J.

Date: _October 2, 2015___

At Camden, New Jersey